## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| David Cosenza, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>Nice North America, LLC d/b/a 2GIG<br><br>*Defendant.* | Civil Case No.: 1:26-cv-01132<br><br>Jury Trial Demanded |

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Defendants' Motion to Dismiss asks this Court to impose a pleading burden that neither Rule 8 nor the TCPA requires. At its core, Defendants argue that Plaintiff's claim must be dismissed because Plaintiff cannot identify the precise telephone number used to place the call, the precise corporate employee who initiated the call, or the precise mechanics of Defendants' telemarketing operation before discovery has occurred. That is not the law.

The Amended Complaint alleges that Plaintiff received a prerecorded telemarketing call advertising home security and monitoring products. *See* ECF No. 8, Am. Compl. ¶ 20. After listening to the prerecorded message, Plaintiff pressed "1" and was connected to a live representative. *Id.* The representative informed Plaintiff that the company website associated with the products being marketed was www.2gig.com. *Id.* Plaintiff further alleges that he never provided consent to receive telemarketing calls from Defendants, never requested information from Defendants, and never sought information regarding home security monitoring products. Am. Compl. ¶¶ 16-18.

Those factual allegations plausibly support the inference that Defendants initiated the call at issue. Defendants ask the Court to infer that an unidentified

1

stranger independently chose to market Defendants' products, transfer consumers to a representative, and direct consumers to Defendants' website despite having no connection whatsoever to Defendants. The Court need not adopt that speculative inference at the pleading stage.

Viewed under the proper standard, the Amended Complaint alleges substantially more than a formulaic recitation of the elements of a TCPA claim. Plaintiff identifies the date of the call, the nature of the call, the contents of the prerecorded message, the transfer to a live representative, and the representative's reference to Defendants' website. These allegations are sufficient to permit a reasonable inference that Defendants initiated the call. Because the Amended Complaint states a plausible TCPA claim, Defendants' Motion should be denied.

## BACKGROUND

Plaintiff David Cosenza maintains a cellular telephone number ending in the digits reflected in the Amended Complaint. *See* ECF No. 8, Am. Compl. ¶¶ 14-15. Plaintiff never consented to receive telemarketing calls from Defendants. Am. Compl. ¶ 16. Plaintiff never requested information from Defendants. Am. Compl. ¶ 17. Plaintiff never solicited information regarding home security or monitoring products from Defendants. Am. Compl. ¶ 18. Despite the absence of consent, Plaintiff received a prerecorded telemarketing call on February 9, 2026. Am. Compl. ¶ 19. When Plaintiff answered the call, he heard a prerecorded message advertising home security and monitoring devices. Am. Compl. ¶ 20. After the prerecorded message concluded, Plaintiff pressed "1" to speak with a live representative. *Id.*Plaintiff was then connected with a live person. *Id.* During that conversation, the representative informed Plaintiff that the company's website was www.2gig.com. *Id.* Plaintiff alleges that Defendants made the call at issue. Am. Compl. ¶ 19. Plaintiff further

2

alleges that the contents of the call established a direct connection between the telemarketing campaign and Defendants because the call advertised products associated with Defendants and directed Plaintiff to Defendants' website. Am. Compl. ¶¶ 20-21. The Amended Complaint also alleges facts demonstrating that the call utilized a prerecorded voice. Specifically, Plaintiff alleges that the voice sounded artificial or robotic, that there were  noticeable delays during playback of the message, and that the message contained no personalization directed to Plaintiff. Am. Compl. ¶ 27.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The

3

allegations must "give  the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

## ARGUMENT

### A. Plaintiff Has Plausibly Pled Defendant's Direct Liability for the Subject Calls.

The Court's analysis must begin and end with whether the Plaintiff has plausibly alleged Defendant's  involvement in the calls with sufficient specificity to give rise to the inference of direct liability. He has done so. In essence, Defendant adopts the classic "we didn't do it" defense by disguising it as a challenge to the Plaintiff's allegations. But Rule 12(b)(6) is not an appropriate device for testing the truth of what is asserted in the complaint or for determining whether the plaintiff has any evidence to back up what is in the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). However, that's precisely what the Defendant attempts to do here, making a red herring argument that the Plaintiff has failed to state a claim because he has allegedly failed to set forth facts giving rise to direct liability that the Defendant placed the calls at issue. But that's a "red herring" that begs the question "who did, then?" *See Consol. Grain & Barge, Inc. v. Anny*, No. CIV.A. 11-2204, 2013 WL 486687, at *6 (E.D. La. Feb. 6, 2013). Nevertheless, the Plaintiff has met his burden of pleading facts sufficient to give rise to the inference that Defendants placed the illegal calls at issue here.

4

Direct TCPA liability attaches to an entity that "initiates" the call, that is, the entity that either takes the necessary steps to physically place it or is "so involved in" the placement that it essentially made the call itself. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014). A caller can also initiate the call "through another." *In re Dish Network*, 28 F.C.C. Rcd. 6574, 6594 n.81 (2013). Defendants' insistence that Plaintiff must plead that it "physically" dialed the phone reads that phrase out of the statute and cannot be squared with Congress's chosen language. But even so, as the Amended Complaint's allegations make clear, the Plaintiff has pled more than adequate facts to allow this Court to determine that the Defendants directly placed the calls complained of at the pleadings stage.

### 1. The Plaintiff Has Pled Significantly More Than Courts Require.

Defendants' principal argument is that Plaintiff has not adequately alleged that Defendants initiated the call because Plaintiff cannot identify the specific individual or mechanism responsible for physically placing the call. The argument fails because it attempts to impose a heightened pleading standard that exceeds what Rule 8 requires. The question at this stage is not whether Plaintiff has conclusively proven that Defendants initiated the call. The question is whether the factual allegations contained in the Amended Complaint permit a reasonable inference that Defendants initiated the call. They plainly do.

The Amended Complaint alleges that Plaintiff received a prerecorded telemarketing call advertising home security and monitoring products. Am. Compl. ¶ 20. Plaintiff further alleges that after interacting with the prerecorded system, he was connected to a live representative who directed him to www.2gig.com. *Id.* These allegations establish a direct connection between the call and Defendants. The products being marketed were associated with Defendants. The representative directed Plaintiff to Defendants' website. The purpose of the call was to encourage

5

the purchase of products associated with Defendants. Taken together, these allegations support the reasonable inference that Defendants were responsible for the call.

"At first glance, these allegations seem like a strong basis for attributing the … [calls] to the Defendant. After all, when a person introduces herself across the table as Olivia or Emma --- we generally conclude without much hesitation that is indeed who she is." *See Bradshaw v. CHW Grp., Inc.*, No. 24-cv-00114 (MEF)(JBC), 2025 U.S. Dist. LEXIS 13649, at *5-6 (D.N.J. Jan. 24, 2025) ("So too as to the December 8 call. The caller allegedly introduced herself as 'Erica . . . from the Defendant.' Why then would it not be plausible to conclude that she was, in fact, 'Erica . . . from the Defendant'?").

"The logic of this approach is reflected in the decisions of any number of federal courts. *See, e.g., Marks v. Unique Lifestyle Vacations, LLC*, 2024 U.S. Dist. LEXIS 41804, 2024 WL 1051974, at *3 (E.D. Pa. Mar. 11, 2024); *Katz v. CHW Grp., Inc.*, 2023 U.S. Dist. LEXIS 176206, 2023 WL 6445798, at *4 (W.D. Ark. Sept. 29, 2023); *Smith v. Am.-Amicable Life Ins. Co.*, 2022 U.S. Dist. LEXIS 62115, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022); *Adam v. CHW Grp., Inc.*, 2021 U.S. Dist. LEXIS 170620, 2021 WL 7285905, at *5 (N.D. Iowa Sept. 9, 2021)." *Id.*; *accord Taylor v. Suntuity Solar L.L.C.*, No. 8:23-cv-00694-MSS-AEP, 2024 U.S. Dist. LEXIS 38838, at *15-16 (M.D. Fla. Mar. 6, 2024) ("Plaintiff's allegations are sufficient to plead a claim for Defendant's direct liability under the TCPA at this stage. Plaintiff alleges Defendant initiated the telemarketing calls. Specifically, Plaintiff alleges, 'The Plaintiff received calls from Suntuity Solar on at least January 31 and February 8, 2023.' Plaintiff further alleges: 'During both calls, Plaintiff was initially provided a generic, fake name, "solar of America."' 'The only real company identified during the calls was Suntuity.'" (cleaned up)); *Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30PRL, 2021 U.S. Dist. LEXIS 181916, at *6-7 (M.D. Fla. Sep. 23, 2021)

6

("Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls. For example, Sunpro argues that Plaintiff fails to 'support' a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls."); *see also Slominski v. Globe Life Inc.*, No. 7:23-CV-1081-D, 2024 U.S. Dist. LEXIS 24378, at *15 (E.D.N.C. Feb. 12, 2024) ("Slominski alleges that on March 14 and March 15, 2023, she received calls and voicemail messages on her cell phone that asked her to call Globe. The voicemail messages concerned 'an insurance plan.' Globe sells insurance plans. … Defendants contend Slominski fails to plausibly attribute the alleged prerecorded voicemail messages to Globe. Slominski, however, plausibly alleges enough information about the contents of the voicemail messages she received on March 14 and March 15, 2023, to survive a motion to dismiss." (cleaned up)).

Defendants repeatedly argue that Plaintiff cannot identify the telephone number used to place the call, cannot allege ownership of that number, and cannot identify the precise individual who initiated the call. But none of those facts constitutes an element of a TCPA claim. The TCPA prohibits prerecorded telemarketing calls to cellular telephones absent consent. Plaintiff has alleged precisely that.

Defendants repeatedly characterize direct liability as requiring allegations that Defendants themselves "physically" dialed Plaintiff's telephone number. Yet Plaintiff has alleged facts permitting precisely that inference. The representative directed Plaintiff to Defendants' website immediately after the prerecorded

7

solicitation. At the pleading stage, the Court need not determine whether Defendants actually initiated the call; it need only determine whether the allegations plausibly support that conclusion. They do.

More importantly, the information Defendants claim is missing is information that consumers frequently do not possess before discovery. Consumers generally do not have access to the internal records necessary to determine which employee placed a call, which dialing platform was utilized, or how a particular marketing campaign was administered. Defendants' position would effectively immunize telemarketing campaigns from judicial review whenever the details of those campaigns remain within the exclusive possession of the company conducting them.

The authorities the Defendants rely upon are also distinguishable. In *Sheski v. Shopify (USA) Inc.*, the plaintiff sued Shopify, an online shopping cart platform that allows sellers to add functionality using apps, for text messages sent by one of the add-on apps, not Shopify. No. 19-CV-06858-HSG, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020). Similarly, in *Woodard v. Health Insurance Alliance*, the complaint merely alleged that "defendant or its agents" placed calls without identifying any connection to the named defendant. Defendant also misreads *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354 (7th Cir. 2020), where the Seventh Circuit affirmed dismissal because the complaint alleged only that a wireless carrier—not Subway— sent the message. In contrast, Plaintiff's allegations directly identify Defendant as the source of the calls. Far from being speculative, her allegations are based on her firsthand interactions with Defendant's representative.

In *Moore*, the plaintiff did not "allege that CHW made the calls to Moore nor does he allege specifics regarding CHW's do-not-call list practices" when attempting to pursue a TCPA claim for CHW's failure to institute such practices. *Moore v. CHW Grp., Inc.*, No. 18-CV-6960, 2019 WL 3216029, at *3 (N.D. Ill. July 17, 2019). What's more, the plaintiff did not respond to CHW's arguments, thus conceding that he failed

8

to allege *any facts* tying CHW to the calls. Finally, *Brownlee v. Allstate* provides little solace to the Defendant and actually supports the Plaintiff in this regard. There, the plaintiff merely pled that she received facially unrelated calls from at least six different generic callers trying to sell her car insurance. No. 21-CV-1428, 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021). In only three of the calls was the plaintiff affirmatively able to identify the defendant as Allstate, such as via email sent to her from an Allstate agent. *Id.* The plaintiff pled no way to connect the remaining three calls to Allstate and so Court dismissed them without prejudice. *Id.*

In each of these cases, the dismissal resulted from the absence of factual allegations connecting the challenged communication to the defendant. Here, by contrast, Plaintiff alleges that the call itself connected him to Defendant through the representative's reference to Defendant's website and the products being marketed during the call. That critical factual link is what makes Plaintiff's claim plausible. Indeed, the allegations here go well beyond the bare assertion that "Defendant made the call." Plaintiff alleges that he personally answered the call, heard a prerecorded solicitation for home security and monitoring products, elected to continue the interaction by pressing "1," and was then connected to a live representative who directed him to Defendant's website, www.2gig.com. Am. Compl. ¶ 20. Unlike the cases relied upon by Defendant, Plaintiff does not merely speculate that Defendant was connected to the call because Defendant sells the type of product being advertised. Rather, Plaintiff alleges a direct interaction with a representative who affirmatively tied the call to Defendant's business. This is more than enough to warrant that the parties continue to discovery. *See e.g. Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 280 (S.D.N.Y. 2024) (holding plaintiff adequately pled direct liability when the plaintiff received calls identifying the defendant); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill. 2014); *Abramson v. Josco*

9

*Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at \*6 (W.D. Pa. Aug. 1, 2022) ("Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action, and the Court must take them as true at this early stage in the litigation."); *Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at \*4 (D.N.J. July 21, 2021); *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at \*3 (D.N.J. Jan. 11, 2023). The Court should reject that result.

**CONCLUSION**

Defendants' Motion ultimately asks this Court to disregard well-pleaded factual allegations and draw inferences against Plaintiff at the pleading stage. The Amended Complaint alleges that Plaintiff received a prerecorded telemarketing call advertising home security and monitoring products, that Plaintiff was transferred to a live representative, and that the representative directed Plaintiff to Defendants' website, [www.2gig.com](www.2gig.com). Am. Compl. ¶ 20. Those allegations provide far more than a formulaic recitation of a TCPA claim and readily permit the reasonable inference that Defendants initiated the call at issue.

Defendants' competing explanation—that some unidentified third party with no relationship whatsoever to Defendants independently chose to market Defendants' products and direct consumers to Defendants' website—is merely an alternative factual inference. It is not one that the Court may adopt in Defendants' favor on a motion to dismiss. At this stage, all reasonable inferences must be drawn in Plaintiff's favor.

The Amended Complaint provides Defendants with fair notice of the claim, identifies the call at issue, describes the prerecorded message, explains why Plaintiff believes Defendants were responsible for the call, and alleges the absence of consent. That is more than sufficient to state a plausible claim under the TCPA.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, should the Court determine that any portion of the Amended Complaint is deficient, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a), as amendment would not be futile and dismissal with prejudice would be inappropriate at this early stage of the proceedings.

Dated: June 17, 2026

Respectfully Submitted:

*/s/Francisco Fernandez Del Castillo*
DEL CASTILLO LAW GROUP, LLC
11 E Adams Street #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com
(312)-216 0111

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
[o] (617) 485-0018